REQUESTED BY: Senator Chris Beutler Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of April 26, 1983, in which you ask our opinion pertaining to current legislation.
Specifically, you ask whether section 27 of amendments to LB 447, when combined with additional language to be added to § 42-364.11, would circumvent the requirement of transcribing all child support garnishment judgments obtained against employees of the State of Nebraska to the District Court of Lancaster County.
We conclude that the language in section 27 of the amendments to LB 447 pertaining to service of process on the state is sufficient, without more, to require the state to respond to interrogatories propounded by the district court having jurisdiction of the child support matter without first transcribing the child support proceedings in Lancaster County.
As we pointed out in our Opinion No. 90 of April 26, 1983, the cases in this jurisdiction apparently require that two conditions be met before the state will be regarded as having waived its sovereign immunity from suit: (1) there must be a statute authorizing suit; and (2) there must be statutory authority defining the manner of service upon the state. Anstine v. State, 137 Neb. 148, 288 N.W. 525
(1939); Offutt Housing Company v. County of Sarpy,160 Neb. 320, 70 N.W.2d 382 (1955).
As we further stated in our Opinion No. 90, Neb.Rev.Stat. § 42-364.05 (Reissue 1978) and Neb.Rev.Stat. 42-364. 11 (Reissue 1978) would authorize suit against the state, and would keep jurisdiction in the court in which the child support payment order was entered. The first requirement of Anstine and Offutt, supra, is therefore satisfied; but we can find no statutory authority which would satisfy the second requirement (defining the manner of service).
The amendment to LB 447, like the amendment to LB 331 which we have already discussed, is also apparently directed towards satisfying the service of process requirements ofAnstine, supra, and Offutt, supra, and would apparently be sufficient to complete the waiver of the state's sovereign immunity with regard to child support proceedings.
Section 27 of the amendments to LB 447 states that:
 The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service to the office of the Attorney General.
Consequently, we view section 27 of the amendments to LB 447 as an alternative to the amendment to LB 371 which was discussed in our Opinion No. 90.
But the proposed amendment to § 42-364.11, which would define `court' as `any district court where the garnishment application is filed,' would have little, if any, impact on the state's obligation to answer interrogatories from any district court in the state which might be propounded pursuant to child support proceedings.
As we have pointed out previously in this opinion, as well as in our Opinion No. 90, § 42-364.05 provides that `The court that entered the order requiring the parent to pay any amount for the support of a minor child and inwhich the application to withhold and transmit earnings isfiled shall have jurisdiction of any employer including the state. . .' (Emphasis added.)
The definition proposed for § 42-364.11 would, perhaps, add some clarification to the meaning of the term `court' as used in § 42-364.03, and would be beneficial in that regard.
Nevertheless, given the language of § 42-364.05,supra, said proposed definition may be unnecessary, and would have no effect on the state's waiver of sovereign immunity, or obligation to answer interrogatories pursuant to child support proceedings in district courts other than the Lancaster County District Court.
In conclusion, section 27 of the amendments to LB 447, like amendments to LB 371 already discussed, would complete the waiver of the state's sovereign immunity with regard to child support proceedings. Section 42-364.03 and 42-364.05
would require the state to respond to interrogatories propounded by the district court having jurisdiction over the child support matter. And the definition proposed for § 42-364.11 would have no effect upon the conclusion just stated, but would, perhaps, have some beneficial value by defining the term `court' in 42-364.03.
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General